STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DOMAINS BY PROXY, INC., an Arizona corporation,<br><br>Defendant. | Case No.: 2:10-cv-0864<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Domain by Proxy, Inc. ("DBP"), on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. DBP is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact, and technical contact for the Internet domain found at <crimenews2000.com> (the "Domain").

**JURISDICTION**

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. DBP purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

7. Righthaven is the owner of the copyright in the literary work entitled "Judge denies bail to suspects in two deaths" (the "Work"), attached hereto as Exhibit 1.

8. At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas Review-Journal.

9. DBP willfully copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

10. On or about February 19, 2010, DBP displayed, and continues to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

11. At all times relevant to this lawsuit, the Infringement depicted and depicts the original source publication as the Las Vegas Review-Journal.

12. The subject matter, at least in part, of the Work and the Infringement, is the Nevada state court hearing of two defendants accused of committing homicide in Las Vegas, Nevada.

13. At all times relevant to this lawsuit, DBP knew that the Work was originally published in the Las Vegas Review-Journal.

14. At all times relevant to this lawsuit, DBP knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

15. DBP purposefully directs and effectuates the unauthorized reproduction of a Righthaven-owned copyrighted work on the Website.

16. DBP's unauthorized reproduction of a Righthaven-owned copyrighted work found on the Website is purposefully targeted at Nevada residents.

17. DBP's contacts with Nevada are continuous and systematic because DBP posted and posts, on the Website, advertisements for Las Vegas, Nevada-based legal services.

18. DBP's contacts with Nevada are continuous and systematic because DBP published and publishes, on the Website, content emanating from Nevada-based daily publications.

19. DBP's contacts with Nevada are continuous and systematic because DBP published and publishes, on the Website, information about Nevada-based criminal activity.

20. DBP's contacts with Nevada are continuous and systematic because DBP published and publishes, on the Website, information about Nevada-based law enforcement officials.

## VENUE

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

22.  The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because DBP is subject to personal jurisdiction in Nevada.

## FACTS

23.  The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

24.  Righthaven is the owner of the copyright in the Work.

25.  The Work was originally published on February 19, 2010.

26.  On May 6, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007138900 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

27.  No later than February 19, 2010, DBP displayed, and continues to display, the Infringement on the Website.

28.  DBP did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

29.  DBP was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

30.  Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 29 above.

31.  Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

32.  Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

33. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

34. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

35. DBP reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

36. DBP created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

37. DBP distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

38. DBP publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

39. DBP has willfully engaged in the copyright infringement of the Work.

40. DBP's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

41. Unless DBP is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by DBP of the Work, pursuant to 17 U.S.C. §502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain DBP, and DBP's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under DBP, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the

Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

    2.    Direct DBP to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

        a.    All evidence and documentation relating in any way to DBP's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

        b.    All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom DBP has communicated regarding DBP's use of the Work; and

        c.    All financial evidence and documentation relating to DBP's use of the Work;

    3.    Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

    4.    Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

    5.    Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

    6.    Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

    7.    Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this seventh day of June, 2010.

        RIGHTHAVEN LLC

        By: /s/ J. Charles Coons
        STEVEN A. GIBSON, ESQ.
        Nevada Bar No. 6656
        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        JOSEPH C. CHU, ESQ.
        Nevada Bar No. 11082
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        Attorneys for Plaintiff