UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company, | |
| Plaintiff, | 2:10-CV-00864-LRH-RJJ |
| v. | ORDER |
| DOMAINS BY PROXY, INC., an Arizona corporation; CRIMENEWS2000, an entity of unknown origin and nature; and LAURENE STEWART, an individual, | |
| Defendants. | |

This is a copyright infringement dispute arising out of the display, beginning on February 19, 2010, on CrimeNews' website of a literary work copyrighted by Plaintiff. Defendant Laurene Stewart has filed a motion to dismiss (#14[1]). To date, Plaintiff has not responded.

In the motion to dismiss, Stewart contends her dismissal is warranted because, on January 13, 2009, she sold the CrimeNews website and, since that time, has had no contact or involvement with CrimeNews. Thus, according to Stewart, she could not have been involved in the alleged copyright infringement.

Because Stewart has submitted materials in support of the motion to dismiss beyond the

---

[1] Refers to the court's docket entry number

complaint, the court will consider the motion as a motion for summary judgement. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). Stewart urges the court to grant the motion because, by failing to respond, Plaintiff has consented to the granting of the motion. Local Rule 7-2 provides, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Nonetheless, "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Thus, the absence of an opposition does not change Stewart's burden of proof, and the court will consider Stewart's motion on its merits.

The evidence before the court indicates that no reasonable jury could conclude that Stewart was involved in the copyright infringement that forms the basis of this dispute. Stewart sold the CrimeNews website over a year before the alleged infringement and, since the sale, has had no relationship with the website. Although it appears that, as a result of an administrative mistake, the website's domain registration information continues to display Stewart's name and contact information, it is undisputed that Stewart had no involvement in the alleged infringement. Summary judgment is therefore appropriate.

IT IS THEREFORE ORDERED that Stewart's Motion to Dismiss (#14) and Motion for Ruling (#17) are GRANTED. Plaintiff's claims against Stewart are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2